OPINION
{¶ 1} Defendant-appellant Steven Crawford appeals his conviction and sentence for two counts of felonious assault, in violation of R.C. §§ 2903.11(A)(1) and (2).
 {¶ 2} On April 27, 2007, a grand jury indicted Crawford for one count of aggravated *Page 2 
robbery, in violation of R.C. § 2911.01(A)(1), a felony of the first degree, and two counts of felonious assault, in violation of R.C. §§ 2903.11(A)(1) and (2), both felonies of the second degree. Crawford was arraigned on May 1, 2007, stood mute, and the trial court entered a not guilty plea on his behalf.
 {¶ 3} Following a jury trial which began on July 18, 2007, and concluded on July 19, 2007, Crawford was found not guilty on the aggravated robbery charge. However, the jury found Crawford guilty on both counts of felonious assault. The trial court merged the two counts of felonious assault for sentencing purposes and Crawford received four years in prison. Crawford filed a timely notice of appeal with this Court on August 3, 2007.
 I {¶ 4} The incident which forms the basis of this appeal occurred on April 20, 2007, at a residence located at 3 Alberta Place in Dayton, Ohio. Testimony was presented at trial which indicated that most, if not all, of the individuals in the residence that day were using drugs. At some point during the evening, Crawford traded a small amount of crack cocaine to another individual in the house, Roscoe Harris, for Harris' sneakers. Feeling that he had been cheated in the transaction, Harris approached Crawford and demanded return of his sneakers. Crawford refused, and Harris attempted to forcibly take the sneakers back. Apparently unsuccessful in his attempt to retrieve the sneakers, Harris grabbed a wooden cane and struck Crawford in the face, which resulted in a minor injury to Crawford's lip. In response, Crawford brandished a knife and stabbed Harris multiple times. Crawford then kicked Harris in order to further immobilize him. According to witnesses, Crawford fled the scene immediately after the altercation and was apprehended by police on April 21, 2007. *Page 3 
 {¶ 5} Crawford was subsequently acquitted of the aggravated robbery charge, but the jury found him guilty of both counts of felonious assault. It is from this judgment that Crawford now appeals.
 II {¶ 6} Crawford's first assignment of error is as follows:
 {¶ 7} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, AS HIS TRIAL COUNSEL FAILED TO REQUEST A JURY INSTRUCTION OF THE LESSER INCLUDED OFFENSE OF AGGRAVATED ASSAULT THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS] OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 8} In his first assignment, Crawford contends that his trial counsel's performance was deficient for failing to request an instruction on the "lesser-included offense" of aggravated assault. Crawford argues that the facts presented at his trial demonstrate a reasonable probability that had the jury been properly instructed, it would have found that he was provoked by the victim to such a degree so as to limit his culpability. Crawford suggests that failure to request the instruction on aggravated assault was, therefore, ineffective assistance.
 {¶ 9} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's *Page 4 
ineffectiveness." State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, citing State v. Lytle (1976), 48 Ohio St.2d 391, 396-397,358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910,98 S.Ct. 3135.
 {¶ 10} The above standard contains essentially the same requirements as the standard set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."Id. Thus, counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Id.
 {¶ 11} For a defendant to demonstrate that he has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, absent counsel's errors, the result of the trial would have been different. Bradley, supra, at 143. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra, at 694.
 {¶ 12} "In State v. Deem (1988), 40 Ohio St.3d 205, 210,533 N.E.2d 294, the Ohio Supreme Court held that aggravated assault is not a lesser-included offense of felonious assault. Rather, aggravated assault is an `inferior-degree offense,' as it contains elements which are identical to the elements defining felonious assault, except for the additional mitigating element *Page 5 
of serious provocation. Nevertheless, `in a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation, an instruction on aggravated assault must be given to the jury.'Id. at syllabus." State v. Morrow, Clark App. No. 2002-CA-37, 2002-Ohio-6527. Given that the trial court must instruct on an "inferior-degree offense" when the evidence supports such a charge, we will proceed with an analysis of Crawford's assignment of error, even though aggravated assault is not, technically speaking, a "lesser-included offense" of felonious assault[1]. Id.
 {¶ 13} Specifically, felonious assault is reduced to aggravated assault if the offender is "under the influence of sudden passion or in a sudden fit of rage * * * brought on by serious provocation occasioned by the victim." R.C. § 2903.12(A); State v. Deem, 40 Ohio St.3d at 210-211,533 N.E.2d 294. "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress[,] and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force." Id. at 211, 533 N.E.2d 294.
 {¶ 14} Evidence was presented which established that Harris struck Crawford in the face with a wooden cane immediately prior to him being stabbed and beaten by Crawford. During the trial, Crawford, however maintained that he stabbed Harris in self-defense. In support of his self-defense claim, Crawford provided the following testimony during direct exmaination:
 {¶ 15} "Crawford: * * * Next thing I know, I get hit. I get once in my lip with whatever he hit me with. It knocked a hole from this side to the other side of my lip. He put a hole in my lip and hit me in the head. *Page 6 
 {¶ 16} "So I got up and protected myself. I'm not going to let him ornobody else threaten my life because that's what he did at the time. * * *I did not touch him, had no intention of doing anything to him until hethreatened my life, and that's when he hit me with that stick"
 {¶ 17} * * *
 {¶ 18} "* * * I didn't attack him. I was defending myself."
 {¶ 19} Crawford also made the following statements during cross-examination:
 {¶ 20} "The State: You got mad. You got real mad, didn't you? Nobody is going to lay a hand on you, right?
 {¶ 21} "Crawford: Nobody is going to threaten my life.
 {¶ 22} "The State: All right. You were going to make sure that he was going to get his, didn't you?
 {¶ 23} "Crawford: No.
 {¶ 24} "The State: So you just stabbed him in the neck because you thought this man was threatening your life.
 {¶ 25} "Crawford: No, I stabbed him in the neck because he attackedme"
 {¶ 26} Crawford suggests that his counsel's request for an instruction on aggravated assault "would not derail the strategy of self-defense, as such an affirmative defense is available for use in the inferior degree statutes." While we agree that the evidence presented could have supported an instruction on aggravated assault, defense counsel "could have reasonably concluded that presenting the jury with conflicting theories of the case would have been counterproductive." State v.Baker (2005), 159 Ohio App.3d 462, 824 NE.2d 162. To support a claim for self-defense, a defendant must demonstrate that he acted out of fear, or he felt that his *Page 7 
life was threatened. Aggravated assault, on the other hand, requires that the defendant acted out of sudden passion or rage.
 {¶ 27} Crawford's counsel could have reasonably decided not to request an aggravated assault instruction under the evidence presented with the hope of attaining a complete acquittal for the two counts of felonious assault. It may have been counsel's belief that the inferior-degree offense conflicted with the theory of self-defense or may confuse the jury. As we previously stated in State v. Caitlin (1990),56 Ohio App.3d 75, 564 N.E.2d 750:
 {¶ 28} "In a case in which there is conflict in the testimony and the defendant has a reasonable hope that the jury will believe his evidence and return a verdict of not guilty, it is a matter of trial strategy whether to seek to have the jury instructed concerning a lesser-included offense, or not to seek such an instruction and to hope for an acquittal."
 {¶ 29} Moreover, an appellant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. State v. Brown (1988), 38 Ohio St.3d 305,319, 528 N.E.2d 523. The test for a claim of ineffective assistance of counsel is not whether counsel pursued every possible defense; the test is whether the defense chosen was objectively reasonable. Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052. A reviewing court may not second-guess decisions of counsel which can be considered matters of trial strategy. State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128. Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if, in hindsight, it looks as if a better strategy had been available. State v. Cook
(1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.
 {¶ 30} In the instant case, the record fails to disclose any articulated reason for *Page 8 
defense counsel's failure to request an instruction on aggravated assault. Thus, we will presume that counsel was motivated by trial strategy and did not render ineffective assistance of counsel.
 {¶ 31} Crawford's first assignment of error is overruled.
 III {¶ 32} Crawford's second assignment of error is as follows:
 {¶ 33} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO APPROPRIATELY INSTRUCT THE JURY ON ALL THE ELEMENTS OF SELF-DEFENSE DENYING CRAWFORD A FAIR AND RELIABLE DETERMINATION OF HIS GUILT IN VIOLATION OF HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHT [sic] andFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 9,10, AND 16, ARTICLE IV OF THE OHIO CONSTITUTION."
 {¶ 34} In his second assignment, Crawford contends that the trial court erred when it instructed the jury with respect to his claim of defense. Specifically, Crawford argues that the trial court erred in the following three ways: A) the trial court did not appropriately define the duty to retreat safely; B) the trial court did not provide the jury with the instruction on self-defense after each count for felonious assault; and C) the trial court erred by failing to explicitly instruct the jury that they must find Crawford not guilty of felonious assault if he was found to have acted in self-defense.
 {¶ 35} As noted by the State, Crawford did not object to any portion of the trial court's instruction regarding self-defense before, during, or after said instruction was read to the jury. Based upon Crawford's failure to object to the instructions and bring *Page 9 
the issue to the trial court's attention for consideration, we must address this assignment under the doctrine of plain error. State v.Williford (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279. In order to prevail under a plain error analysis, Crawford bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the errors. State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804; Crim R. 52(B). Notice of plain error "is taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long, 53 Ohio St.2d at paragraph 3 of the syllabus, 372 N.E.2d 804.
 {¶ 36} When we review a trial court's jury instructions, we must consider the instructions as a whole, rather than viewing an instruction in isolation, and then determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights. Becker v. Lake Cty. Mem. Hosp. West (1990),53 Ohio St.3d 202, 208, 560 N.E.2d 165. We will not reverse a conviction due to error in the jury instructions unless the error is so prejudicial that it may induce an erroneous verdict.
(A) Duty to Retreat Safely
 {¶ 37} In the first section of Crawford's second assignment of error he argues that the trial court did not properly instruct the jury that he had a duty to retreat only if it was safe for him to do so. As a result of the trial court's failure in this regard, Crawford argues that he was prejudiced because the jury must have rejected his self-defense claim because they thought he had violated his duty to retreat. We disagree.
 {¶ 38} In State v. Kucharski, Montgomery App. No 20815,2005-Ohio-6541, we held the following regarding self-defense: *Page 10 
 {¶ 39} "Physical force may be used in self-defense, subject to two qualifications. First, the defendant cannot have been at fault in creating the situation that gave rise to the danger against which he used force to protect himself. Second, the defendant must have had reasonable grounds to believe, and an honest belief, that such force as was used was necessary to protect himself. That second justification differs in its application depending on the nature of the force used, whether it was deadly or nondeadly.
 {¶ 40} "Deadly force may be used as a defense against a danger of death or great bodily harm, but when deadly force is used the defendant must, in addition, not have violated any duty to retreat in order to protect himself from that danger. State v. Robbins (1979),58 Ohio St.2d 74. Implicit in the retreat requirement is a value judgment that retreat is preferred to a loss of life resulting from the use of deadly force."
 {¶ 41} The trial court instructed the jury on self-defense as follows:
 {¶ 42} "Mr. Crawford is asserting an affirmative defense known as self-defense. The burden of going forward with the evidence of self-defense and the burden of proving an affirmative defense are upon the defendant. He must establish such a defense by a preponderance of the evidence.
 {¶ 43} "`Preponderance of the evidence' is the greater weight of the evidence-that is, evidence that you believe because it outweighs or overbalances in your mind the evidence opposed to it. A preponderance of the evidence means evidence that is more probable, more persuasive, or of a greater probative value. It is the quality of the evidence that must be weighed. Quality may not be identical with either the quantity or *Page 11 
the greater number of witnesses.
 {¶ 44} "In determining whether an affirmative defense has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that affirmative defense regardless of who produced it. If the weight of the evidence is balanced or if you were unable to determine which side of an affirmative defense has the preponderance, then the defendant has not established such affirmative defense.
 {¶ 45} "If the defendant fails to establish the defense of self-defense, the State still must prove to you beyond a reasonable doubt all the elements of the crime or crimes charged.
 {¶ 46} "To establish self-defense regarding the charges of felonious assault of Roscoe Harris, the defendant must prove, 1. that he was not at fault in creating the situation giving rise to the stabbing of Roscoe Harris; 2. he had reasonable grounds to believe and an honest belief that he was in immediate danger of great bodily harm and his only means of escape from such danger was by the use of deadly force; 3. he had not violated any duty to retreat to avoid the danger.
 {¶ 47} "The defendant had a duty to retreat if he was at fault in creating the situation giving rise to the stabbing of Roscoe Harris, or if he did not have reason to believe and an honest belief that he was in immediate danger of death or great bodily harm and that his only means of escape from the danger was by the use of deadly force.
 {¶ 48} "But if the defendant retreated or reasonably indicated his intention to retreat from the situation and no longer participate in it, he no longer had a duty to retreat, and if the defendant then had reasonable grounds to believe and an honest *Page 12 
belief that he was in immediate danger of death or great bodily harm and the only means of escape from that danger or great bodily harm was by the use of deadly force, the defendant was justified in using deadly force even though he was mistaken as to the existence of that danger.
 {¶ 49} "Words alone do not justify the use of deadly force. Resort to such force is not justified by abusive language, verbal threats, or other words, no matter how provocative.
 {¶ 50} "In deciding whether the defendant had reasonable grounds to believe and an honest belief that he was in immediate danger of death or great bodily harm, you must put yourself in the position of Steven Crawford with his characteristics and his knowledge or lack of knowledge, and under the circumstances and conditions that surrounded him at that time. You must consider the conduct of Roscoe Harris and decide if his acts and words caused the defendant to reasonably and honestly believe that he, Steven Crawford, was about to be killed or receive great bodily harm.
 {¶ 51} "The law does not measure nicely the degree of force which may be used to repel an attack. However, if the defendant used more force than reasonable appears to be necessary under the circumstances and if that force used is so greatly disproportionate to his apparent danger as to show an unreasonable purpose to injure Roscoe Harris, then the defense of self-defense is not available."
 {¶ 52} The trial court's instructions on self-defense were an accurate portrayal of Ohio Jury Instruction § 411.31 as it pertained to Crawford's duty to retreat in the incident allegedly initiated by Harris. The instructions allowed the jury to decide whether: 1. Crawford was at fault in creating the situation which gave rise to the attack; *Page 13 
2. Crawford had reasonable grounds to believe and an honest belief that he was in immediate danger of great bodily harm and his only means of escape from such danger was by the use of deadly force; and 3. Crawford had not violated any duty to retreat to avoid the danger. The jury even had evidence before it from which it could have concluded that Crawford used excessive force in defending himself insofar as he stabbed Harris multiple times before beating him into submission. Because the trial court's instructions on self-defense were a complete and accurate statement of the law, there is no error, much less plain error, in the failure of the court to instruct the jury that Crawford had a duty to retreat before using deadly force only if he could retreat safely.
B. Failure to Provide Instructions on Self-Defense After BothFelonious Assault Counts
 {¶ 53} In the second section of his final assignment of error, Crawford contends that the trial court's instructions were confusing and misleading to the jury because the court only instructed the jury on self-defense after instructing the felonious assault charged in Count III of the indictment. Crawford argues that the jury could have received the mistaken impression that self-defense was only applicable to the felonious assault in Count III, and not applicable to same charge in Count II.
 {¶ 54} Crawford's assertion in this regard is undermined by the fact that when the trial court instructed the jury on self-defense, it stated the following:
 {¶ 55} "To establish self-defense regarding the charges of feloniousassault of Roscoe Harris, the defendant must prove * * *."
 {¶ 56} By instructing the jury using the plural "charges," the trial court made it *Page 14 
clear to the jury that the affirmative defense of self-defense was applicable to both felonious assault counts. Thus, the trial court did not commit plain error in this instance.
C. Mandated Acquittal
 {¶ 57} In the last section of the second assignment, Crawford maintains that the trial court committed plain error when it failed to explicitly instruct the jury that they must find Crawford not guilty of felonious assault if he was found to have acted in self-defense.
 {¶ 58} The trial court read the following portion of Ohio Jury Instruction § 413.05 to the jury:
 {¶ 59} "If you find that the State proved beyond a reasonable doubt all the essential elements of one or more of the offenses charged in the separate counts in the indictment, your verdict must be guilty as to such offense or offenses according to your findings.
 {¶ 60} "If you find that the State failed to prove beyond a reasonable doubt any one of the essential elements of one or more of the offenses charged in the separate counts in the indictment, your verdict must be not guilty as to such offense or offenses according to your findings."
 {¶ 61} Crawford points out that the trial court omitted a portion of Ohio Jury Instruction § 413.05(2) which states in pertinent part:
 {¶ 62} "* * * or if you find that the defendant proved by apreponderance of the evidence the defense of self defense, then you mustfind the defendant not guilty."
 {¶ 63} Crawford argues that this omission caused the jury to believe that they *Page 15 
had to weigh the self-defense claim against the elements the State had to prove, rather than the self-defense elements standing alone.
 {¶ 64} While we agree that the trial court omitted a relevant portion of the standard instruction, we find the error to be harmless in light of the overwhelming evidence of his guilt regarding the two counts of felonious assault. The evidence established that after being struck only once in the face with a wooden cane, Crawford stabbed Harris multiple times with a knife. These stabbings occurred after Harris had been disarmed of the wooden cane. Further, Harris, who was barefoot and injured, attempted to flee, but Crawford chased him down and brutally kicked him into submission. Only then did Crawford decide to leave the scene. Under these facts, it would be difficult, if not impossible, for a jury to find that Crawford's excessive use of force amounted to self-defense. Thus, the trial court's omission does not rise to the level of plain error.
 {¶ 65} Crawford's second assignment of error is overruled.
 IV {¶ 66} All of Crawford's assignments of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.
[1] Although Crawford initially refers to aggravated assault as a "lesser-included offense" of felonious assault in his first assignment of error, he refers to aggravated assault as an "inferior-degree offense" later in his merit brief. *Page 1