[Cite as *State v. Margin*, 2012-Ohio-732.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24589 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-3483 |
| v. | : | |
| | : | |
| TRAVIONNE L. MARTIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ANTONY A. ABBOUD, Atty. Reg. #0078151, Gounaris Abboud, Co., LPA, 130 West Second Street, Suite 1818, Dayton, Oho 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}  Travionne L. Martin appeals from his conviction and sentence on one count of felonious assault in violation of R.C. 2903.11(A)(1).

{¶ 2}  Martin advances three assignments of error on appeal. First, he

contends the trial court erred in failing to convict him of the "lesser-included offense" of aggravated assault. Second, he claims his felonious assault conviction is not supported by legally sufficient evidence. Third, he argues that his conviction is against the manifest weight of the evidence.

{¶ 3} The record reflects that Martin was convicted following a bench trial and sentenced to six years in prison. At trial, the victim, Dominic Flemingson, testified that he worked for a company called Labor Ready. According to Flemingson, Labor Ready provided day laborers to area employers who called requesting help. Each morning, interested workers would arrive at Labor Ready's office hoping to be sent to a job site for the day. If workers completed their assignment and returned to Labor Ready's office by 6:00 p.m., they would be paid that day. On occasion, returning workers would be paid after Labor Ready's 6:00 p.m. closing time if there was a waiting line. Otherwise, workers who failed to return to Labor Ready's office by closing time could collect their paycheck the following morning.

{¶ 4} On October 19, 2010, Labor Ready sent Martin to a construction site for the day. According to Flemingson, who was working in Labor Ready's office, Martin and the employer both called him shortly before 6:00 p.m. to advise that Martin would be late returning. Flemingson responded by reminding them that Martin would have to return by 6:00 p.m. to be paid that day. When Martin failed to arrive by that time, Flemingson locked the office door and proceeded to complete some paperwork. Flemingson then set a front-door alarm and exited the building. When he reached the parking lot, he noticed a pick-up truck parked blocking the exit. Martin stepped out of the truck and approached Flemingson, asking to be paid for his day's work. Flemingson refused to re-open the office and told Martin to

return the next morning. The next thing Flemingson remembered was "wrestling" with Martin, falling to the ground, and being punched repeatedly in the head and body as he tried to hold Martin in a leg lock. Flemingson testified that he did not assault Martin. Flemingson explained that when he told Martin to come back the following day, "that's when the lights went out."

{¶ 5} Jonathan Hardin, an employee of a nearby business, testified that he heard commotion in Labor Ready's parking lot. He looked and saw a man standing over Flemingson, who appeared to be unconscious. After yelling, the man threw Flemingson's cell phone against a wall and left in the pick-up truck that had been blocking Labor Ready's exit. Police arrived shortly thereafter and found Flemingson bloodied but conscious. He was transported to an area hospital and treated for injuries that included a facial fracture, concussion, lip laceration, chest wall contusion, rib contusion, shoulder strain, back strain, and a facial contusion.

{¶ 6} After being arrested, Martin spoke to police about the incident. He denied returning to Labor Ready's office on the evening of October 19, 2010. He told police that he had lost his "work ticket" for the day and had never returned. At trial, however, the State introduced a recording of a phone call Martin made to his girlfriend while in jail. During the conversation, Martin acknowledged that his girlfriend had warned him not to get out of the pick-up truck to confront Flemingson. He also assured her that he would not beat up anyone else.

{¶ 7} Martin did not testify at trial or present any defense. Following the presentation of the State's evidence, defense counsel argued that the proper charge against Martin was aggravated assault because he had acted under "the influence of sudden passion or

sudden fit of rage caused by provocation of the victim." The trial court rejected this argument, found Martin guilty of felonious assault, and imposed a six-year prison sentence. This appeal followed.

**{¶ 8}** In his first assignment of error, Martin contends the trial court erred in failing to find him guilty of aggravated assault as a "lesser-included offense" of felonious assault.[1] This argument lacks merit. "[F]elonious assault is reduced to aggravated assault if the offender is 'under the influence of sudden passion or in a sudden fit of rage * * * brought on by serious provocation occasioned by the victim.' 'Provocation, to be serious, must be reasonably sufficient to bring on extreme stress[,] and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force.'" *State v. Crawford*, 2d Dist. Montgomery App. No. 22314, 2008-Ohio-4008, ¶13 (citations omitted).

**{¶ 9}** We see no evidence that Flemingson provoked Martin sufficiently to incite the use of deadly force. In support of his argument, Martin contends his sole source of income was Labor Ready and that he previously had been paid after closing time. He also notes that he called Flemingson to inquire about being paid. Finally, Martin points out that Flemingson tried to hold him in a leg lock during the altercation. According to Martin, these facts establish sufficient "provocation" for an aggravated assault conviction. We disagree. Martin's argument that the evidence showed "serious provocation" by Flemingson borders on being frivolous. The test for "serious provocation" is both objective and subjective. *State v. Harding*, 2d Dist. Montgomery App. No. 24062, 2011-Ohio-2823, ¶42. Under the objective

---

[1] Aggravated assault is not, technically, a "lesser-included offense" of felonious assault. Rather, it is an "inferior-degree offense." *State v. Crawford*, 2d Dist. Montgomery App. No. 22314, 2008-Ohio-4008, ¶12 (citations omitted). Nevertheless, we will proceed with an analysis of Martin's assignment of error.

test, Flemingson's actions in the present case were not enough to arouse the passions of an ordinary person beyond his or her control. *Id.* Even if there had been sufficient evidence of provocation in an objective sense, the defendant did not testify and there is absolutely no evidence he was subjectively acting under serious provocation. The trial court properly declined to find Martin guilty of aggravated assault. The first assignment of error is overruled.

{¶ 10} Martin's remaining two assignments of error challenge the legal sufficiency and manifest weight of the evidence. With regard to sufficiency, Martin contends the State presented legally insufficient evidence to prove that he knowing caused serious physical harm to Flemingson. Martin suggests that Flemingson's testimony leaves open the possibility Flemingson was the aggressor and that Martin merely acted defensively. With regard to the weight of the evidence, Martin similarly claims the evidence does not support a finding that he acted "knowingly" when he caused serious physical harm. This is so, Martin reasons, because Flemingson could not recall precisely what happened during the altercation.

{¶ 11} When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph two of the syllabus.

{¶ 12}   Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶ 13}   With the foregoing standards in mind, we conclude that Martin's conviction is supported by legally sufficient evidence and is not against the manifest weight of the evidence. The State presented legally sufficient evidence to support a finding that Martin knowingly caused serious physical harm to another in violation of R.C. 2903.11(A)(1). Flemingson testified that he did not assault Martin. Flemingson also testified that Martin repeatedly punched him in the head and body before "the lights went out" and he lost consciousness. Hardin heard the commotion and saw Martin yelling as he stood over Flemingson's motionless body. Martin's assault caused Flemingson to suffer a facial fracture, a concussion, and other injuries. While in jail, Martin assured his girlfriend that he would not beat up anyone else. This evidence, if believed, is legally sufficient to convict Martin of felonious assault.

{¶ 14}   Martin's claim that the State failed to prove he was the aggressor does not persuade us otherwise. Flemingson testified that he did not assault Martin, and Martin did not

raise self-defense as an affirmative defense. We note too that "[s]elf-defense does not negate the elements of felonious assault but is, instead, a justification defense * * *." *State v. Johnson*, 8th Dist. Cuyahoga App. No. 76600, 2000 WL 1844747, at *3 (Dec. 14, 2000). Thus, when determining whether the State presented legally sufficient evidence to support a conviction, we do not consider evidence of self-defense. *See, e.g.*, *State v. Hancock*, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160, ¶37 (citation omitted) (recognizing that "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime").

{¶ 15}   We are equally unpersuaded by Martin's argument regarding the weight of the evidence. Although Flemingson had no recollection of the details of the assault, the trial court reasonably inferred that Martin acted "knowingly" when he caused serious physical harm. "[A] person acts knowingly when he is aware that his conduct will probably cause a certain result." *State v. Al Hanandeh*, 2d Dist. Montgomery App. No. 22976, 2009-Ohio-5613, ¶50. Flemingson testified that he remembered Martin repeatedly punching him in the head and body. The assault left Flemingson bloodied and unconscious. In light of this evidence, the trial court did not clearly lose its way in finding that Martin knowingly caused serious physical harm. The evidence does not weigh heavily against Martin's conviction. His second and third assignments of error are overruled.

{¶ 16}   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Antony A. Abboud
Hon. Frances E. McGee