[Cite as *State v. Johnson*, 2020-Ohio-4928.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-18 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-001- |
| | : | 652 |
| JARETH J. JOHNSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of October, 2020.

. . . . . . . . . . .

THOMAS L. GUILLOZET, Atty. Reg. No. 0029996, 207 East Main Street, Versailles, Ohio 45380
    Attorney for Plaintiff-Appellee

MICHAEL T. COLUMBUS, Atty. Reg. No. 0076799, 130 West Second Street, Suite 2103, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jareth J. Johnson appeals from his conviction for domestic violence. We affirm.

## I. Factual and Procedural Background

{¶ 2} Johnson was charged with domestic violence under R.C. 2919.25(C), a fourth-degree misdemeanor, for threatening his brother with a knife. A bench trial was held in the Darke County Municipal Court, and the testimony at the trial established the following events.

{¶ 3} Johnson lived in Versailles, Ohio, with his father and his brother, Ian (who we will refer to by his first name to avoid confusion). On October 13, 2019, Johnson, Ian, and Courtney Stephens, the mother of Ian's children, were at home. Early that morning, Ian and Stephens were downstairs when Ian stepped in a puddle of water on the kitchen floor. Ian asked Johnson about the water, and Johnson started yelling about people leaving his stuff alone. It turned out that Johnson believed someone had used his washcloth to clean black mold in the house and so, in anger, he had rung out the washcloth on the kitchen floor, creating the puddle.

{¶ 4} An argument ensued between Johnson and Ian, which escalated into a brawl. Ian threw a chair at Johnson, Johnson "lightly pushed" Ian, and Ian punched Johnson in the nose.  Eventually, Ian put Johnson in a headlock. They fell to the floor and, on the way down, Johnson hit his head on a doorknob, cutting his forehead. The two continued to wrestle, with Ian holding Johnson on the ground for three to five minutes. When Ian let Johnson go, Johnson ran to an adjoining room and grabbed a pocketknife that was on a television stand. According to Ian and Stephens, Johnson opened the knife

and charged at Ian. Courtney testified that she was scared because the knife was open and that she did not know if Johnson was going to stab Ian. Johnson testified that he grabbed the knife because he was afraid that Ian would "do something more" to him. (Tr. 69.) According to Johnson, he did not open the knife or charge at Ian or Courtney.

{¶ 5} At the close of the State's evidence, Johnson moved for a judgment of acquittal, which the trial court overruled. The court found Johnson guilty of domestic violence and sentenced him to 30 days in jail.

{¶ 6} Johnson appeals.

## II. Analysis

{¶ 7} Johnson assigns three errors to the trial court, which assert that the trial court erred in denying his motion for acquittal, that the judgment was against the manifest weight of the evidence, and that the trial court erred in rejecting his claim that he acted in self-defense.

## A. The motion for acquittal

{¶ 8} The first assignment of error alleges:

THE TRIAL COURT ERRED BY DENYING APPELLANT'S CRIMINAL

RULE 29(A) MOTION FOR ACQUITTAL.

{¶ 9} "A motion for a judgment of acquittal tests whether the evidence, when viewed in a light most favorable to the State, would permit a reasonable mind to find that all essential elements of the crime charged have been proven beyond reasonable doubt." *State v. Videen*, 2013-Ohio-1364, 990 N.E.2d 173, ¶ 28 (2d Dist.), citing *State v. Bridgeman*, 55 Ohio St.2d 261, 263, 381 N.E.2d 184 (1978). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to

examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 10} Johnson contends that the State failed to present sufficient evidence to establish the elements of domestic violence under R.C. 2919.25(C), which states that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

{¶ 11} Johnson first argues that the evidence did not show that Stephens was a "family or household member." But whether she satisfied this definition or not was irrelevant, because Ian was the alleged victim in the domestic violence charge.

{¶ 12} Johnson next argues that the evidence failed to establish that he caused Ian to fear that he would hurt him. Both Ian and Stephens testified that Johnson charged at Ian with the open knife. Ian testified that "I seriously thought he was going to stab me or hurt me." (Tr. 13.) "[B]efore the whole knife," said Ian, "no, I wasn't scared whatsoever. I wasn't even going to have it go any farther, you know. I was trying to get it to stop." (*Id.* at 14.) "But," Ian continued, "when he pulled that knife, I seriously thought he was going to stab me." (*Id.*) This testimony, if believed and viewed in the light most favorable to the State, would permit a reasonable mind to find that Johnson caused Ian to believe that he would cause Ian imminent physical harm. In other words, the evidence was sufficient to

support the domestic violence charge, and the trial court properly overruled Johnson's motion for acquittal.

{¶ 13} The first assignment of error is overruled.

## B. The manifest weight of the evidence

{¶ 14} The second assignment of error alleges:

APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 15} In a challenge to a verdict based on the manifest weight of the evidence, " '[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve." *State v. Britton*, 181 Ohio App.3d 415, 2009-Ohio-1282, 909 N.E.2d 176, ¶ 15 (2d Dist.), citing *State v. DeHass*, 10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967).

{¶ 16} Johnson argues that the evidence presented did not support a finding that he knowingly caused Ian to believe that he would cause him imminent physical harm. Johnson argues that the testimony of Ian and Stephens was contradictory on what happened. While their testimony may have differed on some details, Ian's and

Stephens's testimony did agree on the facts needed to find Johnson guilty of domestic violence. Both testified that, after the initial altercation ended, Johnson charged at Ian with an open knife. Ian testified:

> * * * [Stephens]'s standing in the bathroom doorway. He [Johnson] came running from the TV. I mean, running at me just like he was earlier all the times he kept coming at me. He came running at me with the blade facing out like this.
>
> That's when I started screaming because she was on the phone. I started screaming, 'He has a knife. He has a knife' to try to get the cops there quicker because I seriously thought he was going to stab me or hurt me, you know.

(Tr. 12-13.) Ian also said: "And after he came charging at me with the knife and I think he stopped because he realized Courtney was on the phone with the cops but he turned and he went to call the cops on the house phone." (*Id.* at 13-14.) Stephens's testimony is consistent with Ian's:

> * * * Well, I thought it was over with. Jareth then grabbed the knife and ran towards me and Ian and I went back into the bathroom because I was scared. I didn't know if he was going to go and stab Ian because the knife was open. Like he was going after Ian like he was going to stab him.
>
> * * *
>
> * * * And I didn't know if he was going to stab to kill him, stab to stab him. I didn't know if he was coming after me next.
>
> * * *

* * * It was a full on run like you'd see something in a movie or something. Like he was going after Ian to stab him.

(*Id.* at 47.)

{¶ 17} The trial court, as the trier of fact, could have found this testimony credible and accorded it substantial weight. The court did not lose its way in finding that Johnson knowingly caused Ian to believe that he would cause him imminent physical harm.

{¶ 18} The second assignment of error is overruled.

### C. Self-defense

{¶ 19} The third assignment of error alleges:

THE TRIAL COURT ERRED BY NOT FINDING THAT APPELLANT ACTED IN SELF-DEFENSE.

{¶ 20} "To establish self-defense, a defendant must introduce evidence showing that: (1) he was not at fault in creating the violent situation; (2) he had a bona fide belief that he was in imminent danger of bodily harm; and (3) he did not violate any duty to retreat or avoid the danger." *State v. Brown*, 2017-Ohio-7424, 96 N.E.3d 1128, ¶ 24 (2d Dist.), citing *State v. Thomas*, 77 Ohio St.3d 323, 326, 673 N.E.2d 1339 (1997). Accordingly, "[t]o support a claim for self-defense, a defendant must demonstrate that he acted out of fear, or he felt that his life was threatened." *State v. Crawford*, 2d Dist. Montgomery No. 22314, 2008-Ohio-4008, ¶ 26.

{¶ 21} Johnson claimed that he used the knife to defend himself against Ian's aggressions. But the evidence presented did not establish any of the three elements of self-defense. The evidence showed that Johnson was at least partly at fault in creating the violent situation. Johnson began by yelling about someone using his washcloth and

then rung it out on the kitchen floor. He confronted Ian, and the two tussled. When Ian released him from a headlock, Johnson grabbed a knife. It appeared that Johnson's conduct escalated the matter. The evidence also did not establish that Johnson had a bona fide belief that he was in imminent danger. Johnson claimed he felt Ian would come after him again but, before he picked up the knife, Johnson admitted that Ian had released him. And Johnson did not assert that, after Ian released him, Ian continued the altercation. Lastly, the evidence showed that Johnson did not retreat or try to avoid the perceived danger. Ian testified that he released Johnson and tried to create space between them, but Johnson sought out the knife and came back. Regardless of any duty he might have had, at the very least, Johnson did not try to extricate himself from the situation by going upstairs or to some other part of the house. The record did not support a self-defense finding.

{¶ 22} The third assignment of error is overruled.

### III. Conclusion

{¶ 23} We have overruled all of the assignments of error presented. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and FROELICH, J., concur.

Copies sent to:

Thomas L. Guillozet
Michael T. Columbus
Hon. Julie L. Monnin